UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

CONVERGEN ENERGY WI LLC,

    Plaintiff,

v.                                            Case No. 20-cv-00543

L'ANSE WARDEN ELECTRIC COMPANY, LLC,

    Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE UNITED STATED DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

## INTRODUCTION

On May 14, 2020, Defendant, L'Anse Warden Electric Company, LLC, ("L'Anse" or "Defendant") filed suit against several entities and individuals, including Plaintiff Convergen Energy WI LLC ("CE-Wisconsin" or "Plaintiff"), in the United States District Court for the Southern District of New York (New York Action"). The New York Action arises out of the fraudulent acquisition of CE-Wisconsin from its former parent company in New York, which is also the parent company of L'Anse. CE-Wisconsin operates a fuel pellet manufacturing plant located in Green Bay, Wisconsin. As part of the fraudulent acquisition scheme that largely took place in New York, CE-Wisconsin obtained the supply agreement from L'Anse in a non-arm's length transaction orchestrated with its co-conspirators that are part of the fraudulent scheme. As part of the New York Action, L'Anse seeks rescission of the supply agreement due to the fraudulent scheme.

In an effort to circumvent the New York Action, on June 10, 2020, CE-Wisconsin filed suit against L'Anse in Dane County Circuit Court of Wisconsin seeking seeking injunctive relief

"requiring L'Anse to continue to perform under the Supply Agreement." The matter was subsequently removed to the United States District Court for the Eastern District of Wisconsin on June 15, 2020 on the basis of citizenship diversity and the amount in controversy exceeds $75,000. L'Anse now seek to transfer this case pursuant to 28 U.S.C. § 1404(a) to a more appropriate forum – the Southern District of New York, because that court has adjudicated the case for more than a month, proceedings are well underway there, expedited discovery has begun, a temporary restraining order has been granted against CE-W and its co-conspirators for which a preliminary injunction hearing is scheduled for June 24, and the Plaintiff filed this suit in an obvious attempt to circumvent those proceedings.

## LEGAL STANDARD

Under 28 U.S.C. § 1404(a), a federal court may transfer a case to a more appropriate district where the case might have been brought if the transfer better serves the convenience of parties and witnesses and promotes the interests of justice. *See Chicago, R.I. & P.R. Co. v. Igoe*, 212 F.2d 378, 379 n. 1 (7th Cir. 1954). The purpose of Section 1404 is to prevent the waste of "time, energy, and money" and "to protect litigations, witnesses, and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616, 84 S. Ct. 805, 11 L. Ed. 2d 945 (1964). Moreover, Section 1404(a) is designed to prevent duplicative trials over the same or similar subject matter. *Minnesota Mining & Mfg. Co. v Technical Tape Corp.*, 123 F. Supp. 497, 499 (N.D. Ill. 1954).

## ARGUMENT

### I. CONVENIENCE AND THE INTERESTS OF JUSTICE FAVOR TRANSFER

Venue is most appropriate in the Southern District of New York for several reasons: (1) the operative facts arise out of the Southern District of New York; (2) the essential witnesses to this case are located at the headquarters of the Defendant's parent company, Libra Capital US, in

the Southern District of New York; (3) the location of and ease of access to documents and other sources of proof are located at the headquarters of the Defendant's parent company in the Southern District of New York; (4) the interests of justice favors transferring this matter to the Southern District of New York, because proceedings are well underway there.

### A. The Operative Facts Occurred in the Southern District of New York

The place where the operative facts occurred is an important factor to be considered in motions to transfer venue. *Research Automation, Inc. v. Schrader-Bridgeport Intern., Inc.* 626 F.3d 973, 978 (7th Cir. 2010). Courts are to consider the entire sequence of events underlying the claim, rather than a single action which may have triggered a claim. *Estate of Moore v. Dixon*, 460 F. Supp. 931, 935 (E.D. WI. 2006). The majority of facts in this case stem from activities that occurred in the Southern District of New York. (Declaration of George Burnett, Ex. A). The subject matter of this suit, the supply agreement, was borne out of a fraudulent acquisition scheme of CE-Wisconsin, an acquisition that was orchestrated and consummated in New York. (Burnett Dcl., Ex. A, ¶¶32-50). Moreover, during the negotiation phase of the supply agreement, the individual perpetrators affiliated with the Plaintiff had extensive contacts with Defendant's representatives in New York. (Burnett Dcl., Ex. A, ¶¶ 51-54). The supply agreement itself was executed, in part, by signatories located in New York. (Burnett Dcl., Ex. A, ¶37). Furthermore, as even the Plaintiff acknowledges, the suit's only nexus to the Western District of Wisconsin is an arbitration term in the supply agreement that specifies Madison, Wisconsin as the location for any alternative dispute resolution. (Burnett Dcl., Ex. B, ¶8). A federal court in New York can evaluate the Plaintiff's claims on that subject as easily as a federal court in Wisconsin.

### B. Location of Essential Witnesses and Evidence Favors Transfer

The convenience of key witnesses is an important factor in venue transfer motions under § 1404(a). *Lauders v. 3M Co.,* 2008 WL 2705444, *2 (N.D. Ill. 2008). In analyzing the convenience of witnesses, courts consider: (1) the number of potential witnesses located in transferor and transferee districts; (2) the materiality of their testimony; and (3) transportation expense. *Environmental Services, Inc. v. Bell Lumber and Pole Co*. 607 F.Supp. 851, 854 (N.D. Ill. 1984).  Moreover, the availability of non-testimonial evidence and the expenses of procuring their production is a factor to be considered. *Hayes v. Smith,* 1992 WL 225560 (N.D. Ill. 1992) ("ease of access to the sources of proof favors" the proposed forum when "the overwhelming majority of documents related to the litigation are located" there).

The Plaintiff's complaint seeks to enforce provisions of the supply agreement, (Burnett Dcl., Ex. B, ¶¶ 57-67), while the suit pending in New York asserts the same supply agreement is subject to rescission due to fraud. Resolving questions related to the supply agreement's validity and enforceability will necessitate testimony from individuals with knowledge of or who participated in its negotiation and execution. Most of these individuals operate out of the Libra Capital US, located in the Southern District of New York.

In addition, the Plaintiff's claims for enforceability of the supply agreement unquestionably call for the production of documents and evidence located at Libra Capital US, Inc.'s principal place of business in New York. It is fair to assume the Plaintiff will seek information, including documents and internal communications, related to the formation and execution of the supply agreement. A majority of this information will be stored in the Southern District of New York. The location of and ease of access to documents and other sources of proof located in New York favors transferring venue.

### C. Transferring Venue is in the Interests of Justice

The interests of justice is a significant consideration in determining venue transfers under Section 1404(a), and the most important consideration here. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986). The inquiry focuses on conversation of judicial resources and efficient adjudication of claims. *Rosen v. Spirit Airlines, Inc.*, 152 F.Supp.3d 1055, 1063 (N.D. Ill. 2015).

In analyzing the interests of justice, courts routinely require trying related cases together. *Id.* Cases should be transferred to federal districts where related actions are pending. *Securities and Exchange Commission v. First Nat. Finance Corp.,* 392 F. Supp. 239, 241 (N.D. Ill. 1975)(citing *Jacobs v. Tenney*, 316 F.Supp. 151 (D.Del.1970)). CE-Wisconsin's suit follows the commencement of the L'Anse's related master action in the Southern District of New York more than a month earlier. The Defendant's Southern District of New York suit, filed on May 14, 2020, involves these same parties and substantially similar facts related to the Plaintiff's suit, which commenced on June 10, 2020. In fact, it covers the entire fraudulent scheme, which included but was hardly limited to the supply agreement.

The advanced procedural history of the L'Anse's Southern District of New York suit especially favors transferring venue in the interest of justice. (Burnett Dcl., Ex. C). The District Court in the Southern District of New York has already begun assessing the merits of the L'Anse's claims and entered a temporary restraining order enjoining CE-Wisconsin and ordered expedited discovery. (Burnett Dcl., Ex. D). In contrast, no substantive action has occurred in the Western District of Wisconsin suit.  The New York Court is scheduled to address the New York plaintiffs' request for a preliminary injunction on June 24, a hearing that has been planned since June 2. (Burnett Dcl., Ex. E). Due to this advanced procedural history, it is inefficient for

multiple Courts to invest time learning the facts and adjudicating issues common to these interrelated suits. *Rosen,* 152 F.3d at 1065. Moreover, two courts adjudicating these issues risks contradictory findings and inconsistent outcomes whereby one district could enforce the supply agreement while the other rescinds the supply agreement. Ultimately, transferring venue to the Southern District of New York is procedurally convenient, promotes efficient administration of justice, and would prevent inconsistent results.

## CONCLUSION

The Southern District of New York is the appropriate venue for this case due to the convenience of the witnesses, the convenience of the evidence, the location giving rise to the claims, and the interests of justice.

Accordingly, the Defendant respectfully requests that this Court transfer this suit to the Southern District of New York.

Respectfully submitted this 18th day of June, 2020.

    _s/R. George Burnett_____
R. George Burnett
Bryant M. Dorsey
Law Firm of Conway, Olejniczak & Jerry, S.C.
P.O. Box 23200
Green Bay, WI 54305-3200
Phone: (920) 437-0476
Fax: (920) 437-2868
Wis. State Bar No.
gb@lcojlaw.com

*Attorneys for Defendant, L'Anse Warden Electric Company, LLC*

3436839