UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONVERGEN ENERGY WI, LLC,

                  Plaintiff,

-v-

L'ANSE WARDEN ELECTRIC COMPANY, LLC,

                  Defendant.

Civil Action No. 20-cv-5240 (LJL)

Related to:
Civil Action No. 20-cv-3746 (LJL)

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff Convergen Energy WI, LLC ("CE-Wisconsin") hereby respectfully submits its response to Defendant L'Anse Warden Electric Company, LLC's ("LWEC") Motion for Leave to File Sur-Reply.

## INTRODUCTION

In short, Defendant has failed to identify any justification for permitting further briefing on CE-Wisconsin's Renewed Motion for Preliminary Injunction beyond what is allowed by the local rules for the Southern District of New York or the briefing schedule ordered by the Court of the Western District of Wisconsin prior to transfer. Defendant's Motion for Leave to File Sur-Reply should be denied. To the extent that this Court permits Defendant to file their proposed Sur-Reply, CE-Wisconsin reserves its right to file a substantive response to the arguments contained therein and requests leave to do so.

## RESPONSE

CE-Wisconsin affirms Defendant's acknowledgement that the Court itself granted CE-Wisconsin the right to file a reply brief on the Renewed Motion for Preliminary Injunction ("PI Motion") when it set the briefing schedule (Doc. 15), a right to which Defendant did not object at the time the briefing schedule was set. Defendant now contends that CE-Wisconsin raised new arguments for the first time on reply. Defendant's motion fails to identify any new arguments that CE-Wisconsin raised in reply and instead is merely attempting to get the last word or delay a

decision. Defendant does not have the right under the rules of this Court to supplement its initial Memorandum with omitted arguments.

Defendant cites the following as "new facts" injected by CE-Wisconsin:

*(i) L'Anse's failure to pay for pellets "jeopardizes" CEW's relationship with BMO Harris Bank N.A., its lender;*

*(ii) The supply agreement accounts for 50% of CEW's sales and CEW will be forced to reduce operations and fire employees without payment from L'Anse;*

*(iii) CEW's third party vendors rely on payments that could only be paid out of revenue from L'Anse.*

CE-Wisconsin's Statement of Record Facts (Doc. 8) details the agreement between Defendant, CE-Wisconsin and BMO (Doc. 8, p. 2, §§6-8). Additionally, CE-Wisconsin's PI Motion (Doc. 6) identifies additional aspects of the relationship between CE-Wisconsin, BMO and Defendant, stating "The paramount argument in support of issuing a preliminary injunction is the nature of the Supply Agreement itself. A key component is that the agreement is premised on the BMO's collateral interest in the agreement (id., Exh. A, p.1), including the fact that BMO retains the right to determine whether default has occurred and that the contract can be terminated." (Doc. 6, p. 2-3) CE-Wisconsin's PI Motion further states "The question of irreparable harm is answered by the language of the Supply Agreement itself, under which the parties recognize and acknowledge that the other party would be damaged irreparably in the even any of the provisions of this Agreement are not performed in accordance with their specific terms." (id., p. 4, internal quotations omitted). CE-Wisconsin, in its PI Motion, clearly identifies the risks to both Parties to the Supply Agreement with respect to BMO Harris if the terms of the Supply Agreement are not honored. Using the new term 'jeopardizes' or detailing specific harm that could come to CE-Wisconsin does not paint this picture any differently than it already existed. Both parties are in

possession of a copy of the Supply Agreement (Doc. 7-1) and the terms of default and irreparable harm identified therein. Further explanation of an identified risk does not constitute new facts justifying additional briefing.

Further, to Defendant's assertion that CE-Wisconsin's PI Motion should be denied for failure to comport with the rules, CE-Wisconsin again points to the disclosures made in its PI Motion (Doc. 6), its Statement of Record Fact (Doc. 8), and the accompanying Affidavit of Theodore Hansen (Doc. 7) which identify each item used in our reply brief, as cited above.

Defendant has not met the heavy burden to show that this disfavored remedy is warranted here. *Novoselsky v. Zvunca*, No. 17-CV-427-JPS, 2017 WL 3025870 at *4 n.2 (E.D. Wis. July 17, 2017) ("[S]ur-replies are never permitted as a matter of course (and are indeed disfavored)…".

Contrary to Defendant's assertions, CE-Wisconsin's Reply in support of its PI Motion was simply that – a reply to the arguments contained in Defendant's Memorandum in Opposition. CE-Wisconsin did not cite new legal arguments that were not cited in its original PI Motion, and any new bases of support were provided in response to statements made by Defendant in its Memorandum, meant to identify the ways in which Defendant misconstrued the facts and to clarify same. This is the very purpose of a reply brief. *Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09 CIV. 9790 LTS MHD, 2012 WL 5457681, at *6–7 (S.D.N.Y. Nov. 8, 2012) (holding that a reply brief may properly address the arguments made in the opposition brief, and does not contain "new arguments' when it merely "responds to arguments raised in Defendants' Opposition"); *Kowalski v. YellowPages.com, LLC*, No. 10 CIV. 7318 PGG, 2012 WL 1097350, at *10 (S.D.N.Y. Mar. 31, 2012) ("reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party…Further, the argument favoring a surreply submission is less compelling where the reply brief, in responding to the

opposition brief, does not spring upon [the opposing party] new reasons for [granting the motion]." (internal quotations omitted)).

The back and forth on briefing and declarations is a tactic to extend the decision time on the PI Motion. Notably, the Supplemental Declaration of Camilo Patrignani contradicts itself by stating the Mr. Patrignani has "personal knowledge of all facts set forth herein" (Doc. 34, p. 1, §1) but he then attests to facts that occurred when he was not employed by Libra Group (id., p. 1-2, §§2-3). Defendant is playing evidentiary games to confuse and delay a decision by the Court. We believe the Court has adequate briefing to make a decision. As stated in previous briefing, Defendant continues to request and burn pellets, and not pay for them.

## CONCLUSION

For the reasons discussed herein, CE-Wisconsin respectfully requests that this Court deny Defendant's request for further briefing. CE-Wisconsin further requests that this Court grant its Motion for Preliminary Injunction.

Dated this 13th day of July, 2020.

von BRIESEN & ROPER, s.c.,

*s/Benjamin LaFrombois, Esq.*
Benjamin D. LaFrombois, Esq.
WI State Bar No. 1027910

William E. Fischer
WI State Bar No. 1045725
*Attorneys for Plaintiff Convergen Energy WI, LLC*

Direct contact information:
Benjamin D. LaFrombois, Esq.
2905 Universal Street, Suite 2
Oshkosh, WI 54904
920.233.4704 direct dial
blafrombois@vonbriesen.com

William E. Fischer
920.232.4843 direct dial
wfischer@vonbriesen.com