

TAGLaw International Lawyers

**Benjamin LaFrombois, Esq.**
Direct Telephone
920-233-4704
blafrombois@vonbriesen.com

August 19, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St., Room 701
New York, NY 10007

   Re: *Convergen Energy WI, LLC v. L'Anse Warden Electric Company, LLC*
     Case No. 1:20-cv-05240-LJL

Dear Judge Liman:

  Our firm represents Convergen Energy WI, LLC ("CEW") in the above-referenced action, which is related to Case No. 1:20-cv-3746-LJL.[1] I write to update the Court regarding the current status of the arbitration to take place with the American Arbitration Association ("AAA") between CEW and L'Anse Warden Electric Company, LLC ("L'Anse"). The Court's recent Order in Case No. 1:20-cv-3746-LJL permitted the aforementioned arbitration to continue. Dkt. No. 109.  There remains before this Court CEW's fully briefed motion for interim relief.  Dkt. No. 6 in Case No. 1:20-cv-05240-LJL.

### Relevant Procedural Background and Current Status of Arbitration

  On June 4, 2020, CEW (the owner of the Pellet Plant) filed an arbitration demand with the American Arbitration Association ("AAA") against L'Anse (the owner of the Power Plant) seeking to recover payments due under the January 31, 2020 Engineered Fuel Pellet Supply Agreement ("Supply Agreement") (Dkt. No. 64-1).  *See* Dkt. No. 109 at 5.  The arbitration demand asserts that L'Anse requested and received pellets but failed to pay for them as required under the Supply Agreement.  *Id*.  At the time, CEW sought $235,223.50 plus additional amounts as they become due, interest, fees, costs, and punitive damages.  Dkt. No. 64-3.  After the arbitration demand was filed L'Anse continued to request and receive pellets without paying for them.  Dkt. No. 67 ¶¶ 5-6; *cf.* Dkt. No. 109 at 5.  The monetary damages for unpaid invoices now exceeds $526,000 and other, irreparable damages continue to accrue.[2]

---

[1] References to the docket in this letter are to the docket of Case No. 1:20-cv-3746-LJL unless otherwise noted.

[2] In addition, L'Anse has recently stopped requesting pellets in breach of the Supply Agreement. Upon information and belief, L'Anse has purchased pellets from a CEW competitor in further breach of the Supply Agreement. CEW intends to add these claim to its arbitration demand and increase its arbitration damages demand accordingly.  CEW does not anticipate a need to raise these claim in Case No. 1:20-cv-05240-LJL.

55 Jewelers Park Drive, Suite 400  Neenah, WI 54956  920-233-6794

Hon. Lewis J. Liman
August 19, 2020
Page 2 of 2

On June 17, the AAA sent correspondence to counsel for CEW and L'Anse which outlined the requirements and due dates in the arbitration. Exhibit A (June 17, 2020 S. Gomez ltr. to B. LaFrombois and M. Stolper). Shortly thereafter, on June 23, 2020, L'Anse (along with its co-Plaintiffs) filed a Motion to Stay Arbitration in Case No. 1:20-cv-3746-LJL. While this Motion to Stay was pending, L'Anse refused to cooperate with AAA and CEW and refused to take the necessary steps required to proceed with arbitration. In particular, L'Anse did not respond to the arbitration demand and failed to cooperate in the selection of an arbitrator by the deadlines set by the AAA.

On August 5, 2020, this Court denied, in Case No. 1:20-cv-3746-LJL, the Defendants' Motion to Stay. Dkt. No. 109. On August 12, after AAA was notified that the Motion to Stay was denied, AAA informed CEW and L'Anse that AAA would proceed with administration of the case. Exhibit B (Aug. 12, 2020 S. Gomez email to B. LaFrombois, M. Stolper, et al.). In particular the AAA informed the parties that their arbitrator selection lists shall be due by August 19, 2020.

Counsel for L'Anse requested a two-week extension to submit the arbitrator selection lists because of "[o]ther work commitments." Exhibit C (Aug. 13, 2020 M. Stolper email to S. Gomez, et al.). AAA agreed to extend the date by which L'Anse shall file its arbitrator list to August 26, 2020. Exhibit D (Aug. 14, 2020 S. Gomez email to M. Stolper, et al.). Pursuant to AAA Commercial Arbitration Rule 6, once an arbitrator has been selected, a preliminary hearing will be scheduled as soon as practicable.

CEW will inform the court, by future letter, of arbitration events, such as the appointment of an arbitrator and when a preliminary hearing is scheduled, while CEW's motion for injunctive relief is pending before this Court. Dkt. No. 6 in Case No. 1:20-cv-05240-LJL.

Very truly yours,

von BRIESEN & ROPER, s.c.

Benjamin LaFrombois, Esq.

BDL:sf
Encs.

cc: Counsel of Record via ECF