

TAGLaw International Lawyers

**Benjamin LaFrombois, Esq.**
**Direct Telephone**
920-233-4704
blafrombois@vonbriesen.com

September 23, 2020

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St., Room 701
New York, NY 10007

      Re:   *Convergen Energy WI, LLC v. L'Anse Warden Electric Company, LLC*
               **Case No. 1:20-cv-05240-LJL**

Dear Judge Liman:

      Our firm represents Convergen Energy WI, LLC ("CEW") in the above-referenced action. This letter updates the joint letter (Dkt. No. 52) submitted yesterday with a correction and additional information. This letter specifically supplements the second item (status of the arbitration and whether preliminary injunctive relief is available in that proceeding) and third item (whether the parties are prepared to rest on their papers and the accompanying declarations).

      **Status of Arbitration:** Yesterday we stated that AAA would permit five days to respond to an objection to the arbitrator. AAA added that the matter will then be placed before AAA's Administrative Review Council. The Administrative Review Council will take more time.

      Consistent with yesterday's letter, Defendant's objected to the arbitrator. Defendant's objection argued that the Supply Agreement arbitration (including the Motion for Preliminary Injunction) must be heard by a three-arbitrator panel (see Ex. A) because of this Court's order in the related litigation. (Opinion & Order Dkt. No. 166, 20-cv-3746 (LJL))  Today's events confirm that the path to a decision on Plaintiff's Motion for Preliminary Injunction by an arbitrator is murky at best.

      If Defendant's objection to the arbitrator and the process is sustained, the arbitrator selection process will begin anew, a process that has already required nearly three months. Rhetorically I ask, how long will it take to confirm three panelists? Alternatively, if the Defendant's objection is denied, there will be motions and briefing to determine if a single arbitrator can decide Plaintiff's Motion for Preliminary Injunction under the Supply Agreement (which expressly calls for a single arbitrator), or whether a three-arbitrator panel is required.

We do not see a reasonable path in a reasonable time frame where the arbitration process will result in a decision on Plaintiff's Motion for Preliminary Injunction.

**Resting on Papers**: Yesterday's letter incorrectly stated that Plaintiff's Motion for Injunctive Relief requested monetary damages only. The accurate statement is that Plaintiff requested specific performance in its original Motion as follows:

> "CE-Wisconsin respectfully asks the Court to **enter an order requiring L'Anse to continue to perform under the Supply Agreement**, including payment of amounts currently due, as well as payment for future fuel pellet deliveries…". (Dkt. No. 6, Page 7 [emphasis added])

We have submitted two supplemental declarations to bring the June 25, 2020 declaration up to date. We do not object to Defendant's submittal of supplemental declarations.

We request that the Court hear and decide Plaintiff's Motion for Preliminary Injunction at Friday's scheduled hearing, taking under advisement the supplemental declarations and granting the relief sought in Plaintiff's Motion (Dkt. No. 6, Page 7).

This letter is submitted without review or input of Defendant's counsel.

Very truly yours,

von BRIESEN & ROPER, s.c.

Benjamin LaFrombois, Esq.

BDL:sf

cc: Counsel of Record via ECF

35349572_2